KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
steven.desalvo@usdoj.gov
United States Office Building
880 Front Street, Room 6293
San Diego, California  92101
Telephone:  (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR0650-JM |
| Plaintiff, | DATE: May 30, 2008<br>TIME: 11 a.m. |
| v. | |
| LAWRENCE DOSS (2), | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO: |
| Defendant. | |
| | (1) SEVER CASE FROM CO-DEFENDANTS;<br>(2) MOTION TO SUPPRESS STATEMENTS;<br>(3) MOTION TO DISMISS THE INDICTMENT BASED ON GRAND JURY INSTRUCTIONS<br>(4) GRANT LEAVE TO FILE FURTHER MOTIONS<br><br>TOGETHER WITH MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its response and opposition to  motions filed by defendant LAWRENCE DOSS. Said response is based upon this response in opposition, the files and records of the case, and argument.

I.

**STATEMENT OF FACTS**

Defendant Lawrence Doss ("Doss") has been indicted on two counts of Transporting Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and (v)(II). He pleaded not guilty to both counts.

On February 25, 2008, at approximately 6:15 a.m., Border Patrol Agents at the El Cajon Station received a citizen's tip that aliens were loading into a black metallic car in the Mountain Empire Campground, near Space #13. Border Patrol agents went to the area and saw a black metallic Thunderbird exiting the campground. Four passengers were ducking down in the vehicle in an attempt to hide. An agent stopped the car and found four persons inside the passenger compartment and two others in the trunk. Five of the six persons were aliens who admitted to being in the U.S. illegally; the sixth person was a lawful permanent resident. The driver was identified as defendant Doss.

During the apprehension of Doss and the aliens, Border Patrol agents also went to Space #13 in the campground. The campground manager told agents that he saw Hispanic males exit the trailer at Space #13 and get into the vehicle. Agents then knocked on the door of the recreational trailer, where co-defendant Sandra Bni ("Bni") and co-defendant Matthew William Kennedy ("Kennedy") were inside. Kennedy greeted them at the door. The agents recognized Kennedy as a prolific smuggler in the El Cajon area. Agents told Kennedy that the manager had observed aliens exit the trailer and enter a vehicle. Kennedy stated that only he and his girlfriend, Bni, were inside the trailer. Kennedy consented to a search. Agents found two aliens hiding in the shower.

In a post-<u>Miranda</u> statement, Kennedy admitted to four prior arrests for transporting aliens, but refused to answer questions about the latest arrest. However, in a prior post-Miranda statement following his arrest two weeks earlier, on February 14, 2008, Kennedy admitted that leaders of a smuggling organization had supplied vehicles to him for smuggling. He described the structure of the smuggling organization and said he was a recruiter of other drivers.

1   In a post-Miranda statement, Doss stated that he was recruited to transport aliens by an
2   unknown Hispanic male at the Golden Acorn Casino in Campo, California. He agreed to
3   transport aliens for $100. He entered a residential trailer, where he saw Kennedy and Bni and
4   numerous Hispanic persons inside. He stated that he later drove the vehicle loaded with these
5   same Hispanic persons when he was caught.

6   All seven aliens admitted to being here illegally and stated that they crossed into the
7   United States by foot. They stated that a guide led them to the trailer at the campground. Three
8   aliens admitted paying between $1,500 to $2,700 to be smuggled. Based on photographic
9   lineups, three aliens identified Bni as a woman who answered the door to the trailer and who
10  invited aliens inside. Two aliens also positively identified Bni as a woman who provided food.
11  Two aliens identified Doss as the driver of the vehicle they entered.

## II.

## POINTS AND AUTHORITIES

### A.   DEFENDANT'S MOTION TO SEVER SHOULD BE DENIED

15  The general rule of federal criminal law is that parties who are jointly indicted should be
16  tried together. "Co-defendants jointly charged are, prima facie, to be jointly tried." United
17  States v. Doe, 655 F.2d 920, 926 (9th Cir. 1981). Accord United States v. Tootick, 952 F.2d
18  1078, 1080 (9th Cir. 1991); United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir. 1986);
19  United States v. Sears, 663 F.2d 896, 600 (9th Cir. 1982); United States v. Escalante, 637 F.2d
20  1197, 1201 (9th Cir. 1980); United States v. Silla, 555 F.2d 703, 707 (9th Cir. 1977). This is
21  particularly true in cases, such as the case at bar, involving joint participants in a common
22  scheme. Where the charges are to be proven by the same evidence, resulting from the same
23  series of acts, there is a strong policy in favor of joint trials. United States v. Horton, 847 F.2d
24  313, 317 (6th Cir. 1988). Thus, joint trials of persons charged with committing the same
25  offenses are the rule rather than the exception. United States v. Brashier, 548 F.2d 1315, 1324
26  (9th Cir. 1976), cert. denied, 429 U.S. 1111 (1977).

27  In order to depart from this rule and justify a severance under Rule 14, Defendant bears a
28  heavy burden of demonstrating undue prejudice. See, e.g., United States v. Arbelez, 719 F.2d

1453, 1460 (9th Cir. 1983), cert. denied, 467 U.S. 1255 (1984).  As further noted in United States v. McDonald, 576 F.2d 1350, 1355 (9th Cir.), cert. denied, 439 U.S. 830 (1978), the Ninth Circuit stated that "some prejudice necessarily inheres when defendants are joined for trials. . . . [I]f all that was necessary to avoid a joint trial were a showing of prejudice, then there would be few, if any, multiple defendant trials."  Accordingly, Rule 14 motions are committed to the sound discretion of the trial court.  McDonald, 579 F.2d at 1355.  And the burden, which is placed squarely upon the defendant, see United States v. Bumatay, 480 F.2d 1012 (9th Cir. 1973), is a heavy one.  United States v. Tousant, 619 F.2d 810, 813-14 (9th Cir. 1980).

Defendant joins Bni's motion to sever.  Bni argued that her co-defendants, Kennedy and Doss, should be severed because "there is no logical relationship between their offenses."  Doss is accused of transporting the aliens.  As indicated in the discovery provided to the defendants, Bni and Kennedy were responsible for sheltering the aliens until Doss arrived for transportation.  Clearly, there is a sufficient "common plan, scheme, or conspiracy" among the defendants, see United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999), to justify joinder of all defendants.

**B.  DEFENDANT'S MOTIONS TO SUPPRESS STATEMENTS ON THE BASIS OF *MIRANDA* AND THE FOURTH AMENDMENT SHOULD BE DENIED BECAUSE IT IS NOT SUPPORTED BY ANY DECLARATION AND THE UNITED STATES HAS PROVIDED PROOF THAT THE GOVERNMENT AGENTS COMPLIED WITH THE LAW**

1.  Defendant Is Not Entitled to An Evidentiary Hearing In Absence of Declaration

Under Ninth Circuit and Southern District precedent, as well as a Southern District Local Rule, a Defendant is entitled to an evidentiary hearing on a motion to suppress only when the Defendant adduces specific facts sufficient to require the granting of Defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.

1    Requiring a declaration from a defendant in no way compromises Defendant's
2    constitutional rights, as declarations in support of a motion to suppress cannot be used by the
3    government at trial over a defendant's objection. Batiste, 868 F.2d at 1092 (proper to require
4    declaration in support of Fourth Amendment motion to suppress ); Moran-Garcia, 783 F. Supp.
5    at 1271-74 (extending Batiste to Fifth Amendment motion to suppress).
6    Nor is it reasonable to object that a defendant will have less information that the
7    government, and so should not be required to provide proof to support a motion. Batiste, 868
8    F.2d at 1092. At least in the context of motions to suppress statements, which require police
9    misconduct incurred by defendant while in custody, defendant certainly should be able to
10   provide the facts supporting the claim of misconduct.
11   The objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no
12   merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness
13   "out of the presence of the jury." Nothing in section 3501 betrays any Congressional intent to
14   alter the longstanding rule vesting the form of proof on matters for the court in the discretion of
15   the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the
16   reasoned discretion of the district court.") (citation and quotation marks omitted).
17        2.    The Government Has Adequate Proof to Support Denial of Motions to Suppress.
18   The Ninth Circuit has expressly stated that a government proffer based on the statement
19   of facts attached to the complaint is alone adequate to defeat a motion to suppress where the
20   defense fails to adduce specific and material facts. Batiste, 868 F.2d at 1092. As the Defendant
21   in this case has failed to provide a declaration alleging specific and material facts, the Court
22   would be within its discretion to deny Defendant's motions based solely on the statement of
23   facts attached to the complaint in this case, without any further showing by the Government.
24   In this case, the Government has attached to this motion the statement of facts that
25   accompanied the complaint. The government also has attached the Reports of Investigation in
26   connection with Kennedy's prior arrests. See Exhibits A and B. These documents, though
27   hearsay, may be considered by the Court in making pretrial rulings, Fed. R. Evid. 1101, and, as
28   explained below, are sufficient to show at this stage that there is no legitimate issue as to

Defendant's motions. Accordingly, because the Defendant has provided no competent evidence for the Court to believe that any genuine factual dispute exists on these questions, the Government asks that the Court deny Defendant's motions without prejudice, and without an evidentiary hearing.

### 3. Agents Complied With *Miranda*

A statement made in response to custodial interrogation is admissible under <u>Miranda v. Arizona</u>, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion. <u>Colorado v. Connelly</u>, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and <u>Miranda</u> determinations; valid waiver of <u>Miranda</u> rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity is a predicate to the suppression of a statement. <u>Id.</u>.

In this case, Doss has not supported his <u>Miranda</u> motion with any evidence. However, the Statement of Probable Cause establishes that the agents complied with <u>Miranda</u> – they advised Doss of his rights, Doss indicated he understood those rights, and he agreed to speak with the agents. <u>See</u> Exhibit A. Accordingly, the Miranda motion should be denied.

### 4. Probable Cause Existed For Detaining Doss

Officers have probable cause for an arrest if "the facts and circumstances within their knowledge and of which they [have] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing" that the defendant committed an offense. <u>Hunter v. Bryant</u>, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (citing <u>Beck v. Ohio</u>, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). The "collective knowledge" of investigating officers may be used to support probable cause to arrest. <u>United States v. Del Viso</u>, 918 F.2d 821, 825-26 (9th Cir. 1990).

Information obtained from an informant, together with the "totality of facts and circumstances," can support a probable cause determination. <u>Illinois v. Gates</u>, 462 U.S. 213

(1983). If the informant has provided accurate information in the past, he may be presumed trustworthy on subsequent occasions. United States v. Alexander, 761 F.2d 1294, 1300 (9th Cir. 1985). Moreover, an informant's reliability may be demonstrated through independent police corroboration of the information provided. United States v. Freitas, 716 F.2d 1216, 1222 (9th Cir. 1983).

In this case, there was sufficient probable cause to arrest Doss, because, according to the sworn Statement of Probable Cause: (1) an informant told Border Patrol that agents were being smuggled at the campground from the trailer into a sedan with black metallic paint, (2) agents corroborated that information when they saw Doss's vehicle – a sedan with black metallic paint, which matched the informant's description – leaving the campground, and, significantly, (3) the agents saw numerous persons ducking into the seat compartment.. See Probable Cause Statement ("Exhibit A"), at 1. The motion to suppress should be denied.

### C. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE GRAND JURY INSTRUCTIONS WERE PROPER

Defendant makes contentions relating to two separate instructions given to the grand jury during its impanelment by District Judge Larry A. Burns on January 11, 2007. Although recognizing that the Ninth Circuit in United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 2005) (en banc) generally found the two grand jury instructions constitutional, Defendant here contends Judge Burns went beyond the text of the approved instructions, and by so doing rendered them improper to the point that the indictment should be dismissed. Defendant's argument is wholly without merit.

1. Judge Burns Properly Instructed the Grand Jurors That They Should Not Concern Themselves With "The Wisdom of the Criminal Laws" and Properly Instructed Them That They "Should" Return An Indictment if Probable Causes Existed

In his instructions to the grand jurors, Judge Burns told the jurors that they could not judge the wisdom of the criminal laws, stating:

> You understood from the questions and answers that a couple of people were excused, I think three in this case, because they could not adhere to the principle that I'm about to tell you.
>
> But it's not for you to judge the wisdom of the criminal laws enacted by congress; that is, whether or not there should be a federal law or should not be a federal law designating certain activity is criminal is not up to you.

> That's a judgment that congress makes.
>
> And if you disagree with the judgment made by congress, then your option is not to say "Well I'm going to vote against indicting even though I think that the evidence is sufficient" or "I'm going to vote in favor of even though the evidence may be insufficient." Instead, your obligation is to contact your congressman or advocate for a change in the laws, but not to bring your personal definition of what the law ought to be and try to impose that through applying it in a grand jury setting.

Partial Transcript at 8-9.

Judge Burns' instruction was proper. In <u>Navarro-Vargas II</u>, the Ninth Circuit upheld grand jury instructions forbidding grand jurors from judging the wisdom of the criminal laws. The Ninth Circuit stated: "If a grand jury can sit in judgment of wisdom of the policy behind a law, then the power to return a no bill in such cases is the clearest form of 'jury nullification.' Furthermore, the grand jury has few tools for informing itself of the policy or legal justification for the law; it receives no briefs or arguments from the parties. The grand jury has little but its own visceral reaction on which to judge the 'wisdom of the law.'" 408 F.3d at 1203.

Contrary to Defendant's claim, Judge Burns' instruction did not pressure the grand jurors to give up their discretion not to return an indictment. Judge Burns' words cannot be parsed to say that they flatly bars the grand jury from declining to indict because the grand jurors disagree with a proposed prosecution. That aspect of a grand jury's discretionary power (i.e. disagreement with the prosecution) was dealt with in <u>Navarro-Vargas</u> in its discussion of another instruction not at issue here. 408 F.3d at 1204-06 ("'Should' Indict if Probable Cause Is Found"). This other instruction bestows discretion on the grand jury not to indict. In finding this instruction constitutional, the court stated in words that ring true here, "It is the grand jury's position in the constitutional scheme that gives it its independence, not any instructions that a court might offer." 408 F.3d at 1206. While the new grand jurors were told by Judge Burns that they could not question the wisdom of the criminal laws per <u>Navarro-Vargas</u>, they were also told by Judge Burns they had the discretion not to return an indictment per <u>Navarro-Vargas</u>. See <u>Merced v. McGrath</u>, 426 F.3d 1076, 1079-80 (9th Cir. 2005). Thus, there was no error requiring dismissal of this indictment or any other indictment by this Court exercising its supervisory powers.

1 | Finally, should be "reluctant to invoke the judicial supervisory power as a basis for prescribing modes of grand jury procedure." United States v. Williams, 504 U.S. 36, 50 (1992). Moreover, a court should not exercise this power absent a showing that the defendant is "actually prejudiced by the misconduct." United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992). Even if there was error, Defendant has proffered no facts supporting a claim of actual prejudice in this case. Accordingly, his argument should be dismissed on that basis alone. "Absent such prejudice – that is, absent 'grave' doubt that the decision to indict was free from the substantial influence of [the misconduct]' – a dismissal is not warranted." Id.

2. **Judge Burns' Statement That Prosecutors Are "Duty-Bound" to Present Exculpatory Evidence Did Not Improperly Infer That No Exculpatory Evidence Exists Where the Prosecutor Presents No Exculpatory Evidence**

Defendant also argues that because Judge Burns instructed the grand jurors that Assistant U.S. Attorneys were "duty-bound" to present exculpatory evidence, see Partial Transcript at 20, he gave the impression that no exculpatory evidence exists when the prosecutor does not present such evidence. This argument is without merit and is inconsistent with the holding in United States v. Williams, 504 U.S. 36, 50 (1992), which held that federal courts do not have supervisory authority to require prosecutors to disclose exculpatory evidence.

The fact that Judge Burns' statement contradicts Williams, but is in line with self-imposed guidelines for United States Attorneys, does not create the constitutional crisis proposed by Defendant, for two reasons. First, no improper inference was created when Judge Burns reiterated what he knew to be a self-imposed duty on federal prosecutors. Simply stated, in the vast majority of the cases the reason the prosecutor does not present "substantial" exculpatory evidence, is because no "substantial" exculpatory evidence exists. If it does exist, the evidence, as mandated by U.S. Attorney policy, should be presented to the grand jury by the Assistant U.S. Attorney upon pain of possibly having his or her career destroyed by an Office of Professional Responsibility investigation. Even if there is some nefarious slant to the grand jury proceedings when the prosecutor does not present any "substantial" exculpatory evidence, because there is none, the negative inference created thereby in the minds of the grand jurors is legitimate. In cases such as Defendant's, the Government has no "substantial" exculpatory evidence generated

1  from its investigation or from submissions tendered by the defendant.  There is nothing wrong
2  in this scenario with a grand juror inferring from this state-of-affairs that there is no
3  "substantial" exculpatory evidence.
4    Second, just as the instruction language regarding the United States Attorney attacked in
5  Navarro-Vargas was found to be "unnecessary language [which] does not violate the
6  Constitution," 408 F.3d at 1207, so too the "duty-bound" statement was unnecessary when
7  charging the grand jury concerning its relationship with the United States Attorney and her
8  Assistant U.S. Attorneys, and does not violate the Constitution.  In United States v. Isgro, 974
9  F.2d 1091 (9th Cir.  1992) the Ninth Circuit while reviewing Williams established that there is
10 nothing in the Constitution which requires a prosecutor to give the person under investigation
11 the right to present anything  to the grand jury (including his or her testimony or other
12 exculpatory evidence), and the absence of that information does not require dismissal of the
13 indictment.  974 F.2d at 1096 ("Williams clearly rejects the idea that there exists a right to such
14 'fair' or 'objective' grand jury deliberations.").   Thus, while the "duty-bound" statement was an
15 interesting tidbit of information, it was  unnecessary in terms of advising the grand jurors of
16 their rights and responsibilities in their deliberations, and does not cast an unconstitutional pall
17 upon the instructions which requires dismissal of the indictment in this case.  Judge Burns
18 repeatedly "remind[ed] the grand jury that it stands between the government and the accused
19 and is independent,"  which was required by Navarro-Vargas.  408 F.3d at 1207.  In this context
20 the unnecessary "duty-bound" statement does not mean that "'structural protections of the grand
21 jury have been so compromised as to render the proceedings fundamentally unfair, allowing the
22 presumption of prejudice' to the defendant," and "[the] defendant can[not] show a history of
23 prosecutorial misconduct that is so systematic and pervasive that it affects the fundamental
24 fairness of the proceeding or if the independence of the grand jury is substantially infringed."
25 Isgro, 974 F.2d at 1094 (Citation omitted).  Therefore, this indictment need not be dismissed.
26 **D. LEAVE TO FILE ADDITIONAL MOTIONS**
27   The United States does not oppose Defendant's request for leave to file further motions,
28 so long as discovery motions are based on discovery not yet received by Defendant.

## III.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the defendant's motions, except where not opposed, be denied.

DATED: May 27, 2008

                                      Respectfully submitted,
                                      KAREN P. HEWITT
                                      United States Attorney

                                      s/ Steven De Salvo

                                      STEVEN DE SALVO
                                      Assistant U.S. Attorney
                                      steven.desalvo@usdoj.gov

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | UNITED STATES OF AMERICA, ) | Case No. 08CR0650-JM |
| 4 | Plaintiff, ) | |
| 5 | v. ) | CERTIFICATE OF SERVICE |
| 6 | LAWRENCE DOSS (2), ) | |
| 7 | Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

    I, STEVEN DESALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Shaun Khojayan**

**John C. Ellis, Jr.**

**Kerry Bader**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2008

                                  s/ Steven De Salvo
                                  STEVEN DE SALVO